UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 11-20188

vs.

                              HON. GEORGE CARAM STEEH

D-2 PHILLIP HARPER,

        Defendant.
_____/

<u>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE
OR CORRECT HIS SENTENCE UNDER 18 U.S.C. § 2255 [DOC. 254]</u>

      Following a jury trial, defendant Phillip Harper was found guilty of conspiracy (count one), five separate carjackings (counts two, eight, ten, twelve and fourteen) and four corresponding instances of using and carrying a firearm during an in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (counts three, nine, eleven and fifteen). The court sentenced Harper to 60 months on count one, 151 months each on counts two, eight, ten, twelve and fourteen (concurrent with one another), 60 consecutive months on count three, 300 consecutive months on count nine, 300 consecutive months on count eleven, and 300 consecutive months on count fifteen.

Phillip Harper appealed his convictions and sentence.  On March 3, 2016, the Sixth Circuit Court of Appeals denied his appeal and affirmed his convictions and sentence.  On August 1, 2016, Harper filed a petition for writ of certiorari with the Supreme Court.  The Supreme Court granted his petition and issued a judgment vacating the Sixth Circuit's prior decision, and remanded for further consideration in light of *Dean v. United States*, 581 U.S. __, 137 S.Ct. 1170 (2017).  On May 26, 2017, the Sixth Circuit affirmed Harper's conviction for the reasons stated in its prior opinion and vacated his sentence for the limited purpose of resentencing in light of *Dean*.

On June 21, 2016, Harper filed his motion in this court seeking to vacate his convictions and sentence.  In his *pro se* motion, Harper challenges his 18 U.S.C. § 924(c) convictions based on *Johnson v. United States*, 135 S.Ct. 2551 (2015).  *Johnson* held that the "residual clause" of a different statute, 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA), was unconstitutionally vague.  Harper argues that 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague.  If § 924(c)(3)(B) is found to be unconstitutional, Harper then argues that carjacking is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).

The Sixth Circuit addressed and rejected the argument that *Johnson* invalidated 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague in another carjacking case. In *United States v. Taylor*, 814 F.3d 340, 376-77 (6th Cir. 2016), the Court held that the definition of "crime of violence" in § 924(c) is different than the definition in the ACCA residual clause, such that § 924(c) is not unconstitutionally vague. Subsequent Sixth Circuit panels have cited *Taylor* and reached the same conclusion. *See United States v. Shaundelle Dial*, No. 16-3528, 2017 WL 2304370, at *4 (6th Cir. May 26, 2017); *United States v. Odum*, __ F.3d __, 2017 WL 6524022, *5 (6th Cir. November 30, 2017). Therefore, under Sixth Circuit precedent, this court finds that 18 U.S.C. § 924(c)(3)(B) is not unconstitutionally vague.

The court need not address Harper's second argument, but does note that courts addressing the issue of whether carjacking is a crime of violence under the use-of-physical-force clause contained in 18 U.S.C. § 924(c)(3)(A) have concluded that federal carjacking categorically qualifies as a "crime of violence" as that term is defined in the statute. *See, e.g., In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016); *United States v. Jones*, 642 F. App'x 304, 305 (5th Cir. 2016).

IT IS HEREBY ORDERED that defendant Phillip Harper's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

Dated: January 10, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 10, 2018, by electronic and/or ordinary mail and also on Phillip Harper #45528-039, USP Atlanta, U.S. Penitentiary, P.O. Box 150160, Atlanta, GA 30315

s/Barbara Radke
Deputy Clerk

---